UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAFAEL RIOS VILLANUEVA** | : | **DOCKET NO. 2:23-cv-00705** |
| **REG. # 79189-080** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Rafael Rios Villanueva on May 26, 2023. Doc. 1. Villanueva is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Rafael Rios Villanueva (Petitioner) filed a petition for writ of habeas corpus claiming the Bureau of Prisons (BOP) will not apply credits he has earned under the First Step Act (FSA) towards early transfer to supervised release (early release) due to an immigration detainer. He argues that BOP policy precluding inmates with immigration detainers from applying these credits is unlawful.

The Warden responded to the petition on August 11, 2023. Doc. 7. According to documentation attached to his Response, Petitioner, whose projected release date is August 1, 2024, is a citizen of Mexico and has a final order of removal entered against him. *See* attachments to Declaration of Ashley White, doc. 7, att. 2

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law

The FSA authorizes the Bureau of Prisons to grant Federal Time Credits (FTC or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk

needs assessment on or after January 15, 2020." 28 CFR § 523.42(b). Depending on the inmate's status, he may earn either 10 or 15 days for every 30 days of programming. See 28 CFR § 523.42(c).

Assuming he meets the eligibility criteria, and has a term of supervised release as part of his sentence, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); see also 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred."). However, FSA credits cannot be applied to the sentence until an inmate has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

Prior to February 6, 2023, BOP policy precluded inmates with any kind of detainer from applying earned credits towards early transfer to supervised release. See Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (available at www.bop.gov). However, as of February 6, 2023, detainers, in and of themselves, are no longer considered disqualifying, while inmates with a final order of removal remain ineligible. See id.; see also 18 U.S.C. § 3632(d)(4)(E) (prisoner with a "final order of removal" is ineligible to apply FSA Time Credits).

### C. *Application*

Without the application of FSA Time Credits, Petitioner's projected release date, via Good Conduct Time Release, is August 1, 2024. *See* Declaration of Ashley White, doc. 7, att. 2, pp. 1-2. While in BOP custody, Petitioner has earned a total of 765 FSA Time Credits (one credit equals one day). *See* doc. 7, att. 4, FSA Time Credit Assessment. Of these, a maximum of 365 credits may be applied towards early transfer to supervised release, i.e., early release, assuming eligibility to apply the credits. *See* 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d); Program Statement 5410.01 at 16 (for inmates meeting eligibility criteria, "up to 365 days of earned FTCs will be automatically applied to early release"). Because Petitioner is already within one year of his projected release, and has earned more than 365 credits, the application of earned FSA Time Credits would result in an immediate release. However, Petitioner is subject to a final order of removal, and is therefore not eligible to apply the credits he has earned as a matter of law.

U.S. Immigration and Customs Enforcement (ICE) has submitted a detainer to the Bureau of Prisons which indicates that there is "a final order of removal against the alien." Doc. 7, att. 3. The Bureau of Prisons therefore has no discretion in this matter:

> A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E). Because Petitioner is subject to a final order of removal, he is ineligible to have the FSA Time Credits he has earned applied to his sentence. Petitioner is entitled to no relief.

### III.
#### CONCLUSION

For the reasons stated above, Villanueva's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the pending Motion to Compel (doc. 9) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE